# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,      )
                            )

    v.                )         ID No. 1906006276
                            )

DEMETRIUS JOYNER,    )
                            )

          Defendant.     )
                            )

Date Submitted:  January 30, 2023
Date Decided:  March 21, 2023

## ORDER

Upon consideration of Defendant's Motion for Postconviction Relief ("Motion"),[1] Superior Court Criminal Rule 61, statutory and decisional law, and the record, **IT APPEARS THAT:**

(1)    On August 4, 2020, Defendant pled guilty to Rape Third Degree.[2]  By Order dated January 8, 2021, effective June 12, 2019, he was sentenced to 20 years at Level V, suspended after 7 years for 13 years at Level IV DOC discretion, suspended after 1 year for 2 years at Level III.[3]

(2)    Defendant did not file a direct appeal.  On April 12, 2021, he filed a Motion for Modification of Sentence,[4] which was denied.[5]  Defendant filed the

---

[1] D.I. 31.

[2] D.I. 22.

[3] D.I. 24.  The first 2 years of Defendant's sentence are a mandatory term of incarceration.  *See* 11 *Del. C.* § 771; 11 *Del. C.* § 4205(b)(2).

[4] D.I. 25.

[5] D.I. 26.

instant Motion on January 30, 2023.[6] The Motion does not set forth any legal grounds for relief; instead, Defendant cites caretaking responsibilities, COVID-19, health issues, and his family's homelessness as his basis for seeking postconviction relief.[7]

(3)     Superior Court Criminal Rule 61 governs motions for postconviction relief.[8] Rule 61(a) requires that a postconviction motion be based on a sufficient factual and legal basis.[9] If it plainly appears from the motion that the movant is not entitled to relief, the judge may summarily dismiss it.[10] Because the instant Motion fails to provide a sufficient factual and legal basis for postconviction relief, it plainly appears that Defendant is not entitled to relief, and therefore the Court may enter an Order for its summary dismissal.[11]

(4)     Assuming *arguendo* that the Motion was meant to be construed as a motion for modification of sentence, it would be procedurally barred. Under Rule 35(b), there is an absolute bar against repetitive requests for reduction of sentence,[12] and Defendant has previously filed a motion for modification of sentence.[13]

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Defendant's

---

[6] D.I. 31.
[7] *Id.*
[8] Super. Ct. Crim. R. 61.
[9] Super. Ct. Crim. R. 61(a).
[10] Super. Ct. Crim. R. 61(d)(5).
[11] *Id.*
[12] Super. Ct. Crim. R. 35(b).
[13] D.I. 25.

Motion for Postconviction Relief is **SUMMARILY DISMISSED**.


        /s/ Jan R. Jurden
Jan R. Jurden, President Judge


Original to Prothonotary

cc:    Diana A. Dunn, DAG
       Demetrius Joyner (SBI #00264375)